IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNY VANDERVEEN, and ANDREW VANDERVEEN, as co-personal representatives of the Estate of Kenneth J. Vanderveen, deceased, | ) ) ) ) ) | 4:11CV5004 |
| Plaintiffs, | ) ) | |
| v. | ) ) | FINDINGS, RECOMMENDATION AND ORDER |
| JWANNA Y. GILZEANE, RONALD R. GILZEANE, RONGIL TRANSPORTATION, LLC, a Georgia Corporation, FREEDOM FUNDING AND LEASING, INC., a Georgia Corporation, R & L CARRIERS, Inc., an Ohio Corporation, R & L TRANSFER, Inc., an Ohio Corporation, GREENWOOD MOTOR LINES, INC., a South Carolina Corporation, AMERICAN TRANSPORTATION SERVICES, LLC, a Florida Corporation, and PARAMOUNT FREIGHT SYSTEMS, LLC, an Ohio Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants Rongil Transportation, LLC, R+L Transfer, Inc., Greenwood Motor Lines, Inc., American Transportation Services, LLC, and Freedom Funding and Leasing, Inc. (collectively "the removing defendants") removed this case to federal court from the District Court of Scotts Bluff County, Nebraska. The removing defendants claim this court has diversity subject matter jurisdiction, and they request trial in Lincoln.

The plaintiffs have moved for remand or, in the alternative, to transfer this case to the North Platte trial docket. (Filing No. 18). The plaintiffs argue:

> The defendants' request for removal dated April 8, 2011 is filed more than thirty (30) days after the original action filed March 31, 2010 (which met all requirements of diversity jurisdiction) and more than one (1) year after the original action was commenced. The defendants' removal is therefore untimely. Further the defendants did not file with this Court all of the pleadings and orders that had been served and this action should be remanded to the District Court of Scotts Bluff County, Nebraska as required by 28 U.S.C. 1446.

Filing No. 18, pp. 1-2.

For the reasons stated below, the plaintiffs' motion for remand or, in the alternative, for transfer to the North Platte docket, should be denied.

## STANDARD OF REVIEW

28 U.S.C. § 1441(a) allows a defendant to remove a state court action to a federal district court that has "original jurisdiction" over the action. Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). The removing party bears the burden of establishing that the district court had original jurisdiction by a preponderance of the evidence, with all doubts about federal jurisdiction resolved in favor of remand. Knudson, 634 F.3d at 975. 28 U.S.C. § 1332(a)(1) vests district courts with "original jurisdiction" over civil cases between citizens of different states provided the amount in controversy exceeds $75,000.

## THE PLEADINGS

The plaintiffs' initial state court complaint, filed on March 31, 2010 in the District Court of Scotts Bluff County, Nebraska, sought wrongful death damages in excess of four

million dollars.  The complaint alleged plaintiff-decedent Kenneth J. Vanderveen, a Nebraska citizen, was killed in a vehicular accident due to the negligence of defendants Jwanna Y. and Ronald R. Gilzeane, who are citizens of Georgia; R & L Carriers, Inc., an Indiana corporation; and Paramount Freight Systems, LLC,[1] an Indiana limited liability corporation (collectively "the original defendants").

The original defendants were served on April 2, 2010.  (Filing No. 18-3, pp. 21-23). The plaintiffs filed a First Amended Complaint on April 9, 2010.  (Filing No. 1-1).  The original defendants filed their answer to the First Amended Complaint in the state court forum on May 12, 2010.  (Filing No. 18-3, pp. 24-26).

After conducting discovery, the plaintiffs filed a Second Amended Complaint on March 28, 2011.  (Filing No. 1-2).  The second amended complaint added five defendants (collectively "the removing defendants"): Rongil Transportation, LLC, a Georgia limited liability corporation whose sole member is not a Nebraska citizen; R+L Transfer, Inc., an Ohio corporation with its principal place of business in Ohio; Greenwood Motor Lines, Inc., a South Carolina corporation with its principal place of business in South Carolina; American Transportation Services, LLC., a Florida limited liability corporation which primarily conducts business in Ohio and whose members are citizens of Florida and Ohio;

---

[1]For the purposes of determining diversity federal jurisdiction, a limited liability company's citizenship is based on the citizenship of its members.  GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).  Based on the corporate disclosures of record, the sole member of Paramount Freight Systems, LLC is American Transportation Services, LLC.  The members of American Transportation Services, LLC.  are identified as Ralph L. Roberts, Sr., Trustee; Mary D. Roberts, Trustee; Ralph L. Roberts, II; Roby L. Roberts; and Michelle Carpenter, (filing no. 13), none of whom are citizens of Nebraska.  (Filing No. 25).  Rongil Transportation, LLC is a Georgia limited liability corporation whose sole member is Jwanna Gilzeane, a citizen of Georgia. (Filing No. 11).

and Freedom Funding and Leasing Inc., a Georgia corporation with its principal place of business in Georgia.  (Filing No. 1-2).

With the consent of the original defendants, the removing defendants filed a notice of removal on April 8, 2011.  (Filing No. 1).

## LEGAL ANALYSIS

The plaintiffs argue this case must be remanded because: 1) the notice of removal was untimely, and 2) the defendants failed to file all state court pleadings, process documents, and orders with the removal notice.   The plaintiffs further claim that if the case is not remanded, it should be transferred to the North Platte trial docket.

A.   <u>Timely Notice of Removal</u>.

Under 28 U.S.C. § 1446(b):

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

-4-

28 U.S.C.A. § 1446(b).  Relying on § 1446(b), the plaintiffs argue the notice of removal was untimely because it was filed more than a year after the case was originally filed in state court, and more than thirty days after the original defendants were served.

The plaintiffs' arguments fail under the Eighth Circuit's holding in Brown v. Tokio Marine and Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002).  In Brown, the plaintiff filed suit in state court against a diverse defendant in May of 1998.  Although diversity jurisdiction existed, the original defendant did not remove the case to federal court.  An additional diverse defendant, Toyota, was named nine months later, but was not served until September of 1999, more than a year after the case was originally filed.  Within thirty days of service, Toyota filed a notice of removal to federal court.  The plaintiff challenged the notice as untimely.  Brown disagreed.

As to § 1446(b)'s one-year limitation, Brown held the one-year limitation period of § 1446(b) applies only to cases that were not removable to federal court when originally filed.  Brown, 284 F.3d at 873 (adopting the construction and interpretation of § 1446(b) implemented in the Fifth, Sixth and Ninth Circuits in Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998); and Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-17 (9th Cir. 1998)).  Brown held that since the plaintiff's original complaint could have been removed to federal court, the one-year limitation did not bar Toyota, a newly added defendant, from removing the case more than a year after it was initially filed in state court.

Brown also concluded the notice of removal was timely under § 1446's 30-day limitation.  Brown explained:

-5-

> The law is settled in this Circuit that the thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint, even when the defendant is a later-served defendant and does not receive service until the time limit during which the first-served defendant could have removed the case has expired.

Brown v. Tokio Marine and Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002). See also, Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding later-served defendants have "thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them").

The plaintiffs are citizens of Nebraska; the original defendants, Jwanna Y. and Ronald R. Gilzeane, R & L Carriers, Inc., and Paramount Freight Systems, LLC, are not Nebraska citizens; and the amount at issue exceeds $75,000. The original defendants could have removed the plaintiffs' initial state court complaint to federal court on the basis of diversity jurisdiction. Therefore, applying Brown and the cases upon which it relies, the one-year limitation of § 1446(b) is not applicable to this case.

The plaintiffs' Second Amended Complaint, filed on March 28, 2011, added the removing defendants as allegedly responsible parties. These new, later-served defendants filed a notice of removal within thirty days after being added to the lawsuit. Accordingly, their notice of removal was timely filed as required under § 1446's 30-day rule.

The plaintiffs' motion to remand based on an alleged untimely notice of removal should be denied.

-6-

B.    <u>State Court Process, Pleadings, and Orders with Removal Notice</u>.

The removing defendants' removal notice states, "[a]ttached to this notice are copies of process, pleadings, and orders served upon these defendants."  Filing No. 1, p. 2.   The plaintiffs contend the removal notice is defective because the initial complaint, the process documents, and the court orders entered between March 31, 2010 (when the case was initially filed), and March 28, 2011 (when the Second Amended Complaint was filed) were not included with the removal notice.  See Filing No. 18-3.

Pursuant to 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action" must file a notice of removal along with "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  By its language, the removal notice must include only the pleadings, process, and orders which were served on the removing defendants.  The removing defendants were not named in this lawsuit until the Second Amended Complaint was filed on March 28, 2011.  Therefore, the orders, pleadings, and process documents pre-dating March 28, 2011 were not served on the removing defendants as part of plaintiffs' lawsuit, and therefore need not be included with the removal notice.  The state court docket sheet reflects that after the Second Amended Complaint was filed, no orders were served on the removing defendants, and of those defendants, the plaintiffs requested and received a summons for only defendant Freedom Funding and Leasing, Inc.  Filing No. 18-3, at CM/ECF p. 7.

The removing defendants' notice of removal includes a copy of plaintiffs' First Amended Complaint, (filing no. 1-1); plaintiffs' Second Amended Complaint, (filing no. 1-2), and the Summons for Service on Freedom Funding and Leasing Inc., (filing no. 1-3). Based on the evidence of record, plaintiffs' Second Amended Complaint and the Summons for service on Freedom Funding and Leasing Inc. were the only "process, pleadings, and

orders served upon" the removing defendants. The notice is not defective for failing to attach orders, pleadings, and process documents which pre-date adding the removing parties to this case.

      C.    <u>Transfer to the North Platte Docket</u>.

As an alternative to remand, the plaintiffs' motion requests trial in North Platte. At the time of removal, the removing defendants requested trial in Lincoln. Both parties argue their respective positions in their briefs, but they have submitted no evidence regarding "the convenience of the litigants, witnesses, and attorneys." NeCivR40.1(b)(1). The court will therefore rely upon the allegations of the complaint when considering and deciding the trial location issue.

The Second Amended Complaint alleges the decedent and his children, for whom this wrongful death and survivor action was filed, live in Scotts Bluff County, Nebraska. The plaintiffs' brief states "[m]ost of the plaintiffs' witnesses also reside in Scotts Bluff County," (filing no. 18-1, p. 8), but there is nothing to indicate who these witnesses are or the topics of their testimony. Based on the allegations of the Second Amended Complaint, the vehicular accident at issue occurred on an icy section of interstate roadway in Hall County, Nebraska. Therefore, it is likely that witnesses (including law enforcement officers and medical first responders) who can testify regarding the conditions of the road, the location of the accident, how the accident occurred, the details of the accident scene, statements made at the scene, and attempts to save Kenneth J. Vanderveen's life, are from the Grand Island area. Filing No. 22, p. 6.

Grand Island is 95 miles from Lincoln; 145 miles from North Platte. The defendants are from distant states, and will likely use air travel to attend trial. Air travel to Lincoln, or

to Lincoln via Omaha is substantially less expensive (with more travel options and flights available) than air travel to North Platte.  On balance, Lincoln is the more convenient trial location.  The plaintiffs' motion for trial in North Platte will be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the plaintiffs' motion for remand, (filing no. 18), be denied.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1)     The plaintiffs' motion to transfer to the North Platte trial docket is denied.

2)     Counsel for the parties shall confer and, on or before July 11, 2011,  they shall jointly file a Rule 26(f) Report, a copy of which is attached.

3)     If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, on or before July 5, 2011, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

DATED this 10th day of June, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff(s), | ) | _:__CV____ |
| | ) | |
| | ) | |
| v. | ) | **RULE 26(f) REPORT** |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report)**.

The parties discussed the case and jointly make the following report:[1]

## I.   INITIAL MATTERS:

    A.   <u>Jurisdiction and Venue</u>:  The defendant

        _____ does

        _____ does not

contest jurisdiction and/or venue.  If contested, such position is because:

      1)   Jurisdiction: _____

---

[1]Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

      2)      Venue: _____

B.      <u>Immunity</u>:  The defendant

      _____ has raised

      _____ will raise

      _____ will not raise

      an immunity defense based on _____.

C.      If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. _____

D.      Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). _____

## II.    CLAIMS AND DEFENSES:

A.      <u>Plaintiff's Claims, Elements, Factual Application</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

      1)      CLAIM ONE: _____

      Elements: _____

           Factual Application: _____

           Of these elements, defendant disputes the following: _____

      (REPEAT FOR EACH CLAIM)

B.      Defenses.  The elements of the affirmative defenses raised by the pleadings are as follows.  List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established.  (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1)      DEFENSE ONE: _____
        Elements: _____
                Factual Application: _____
                Of these elements, the plaintiff disputes the following: _____

        (REPEAT FOR EACH DEFENSE)

## III.    SETTLEMENT:

Counsel  state:

_____ There have been no efforts taken yet to resolve this dispute.

_____ This dispute has been the subject of efforts to resolve it

        _____ prior to filing in court.

        _____ after court filing, but before the filing of this report.

        Those efforts consisted of
        _____.

_____  Counsel have  discussed  the  court's  Mediation  Plan  and  its  possible application in this case with clients and opposing counsel.

        _____ Mediation will be appropriate in this case at some point.

        _____ Mediation will not be appropriate because _____.

_____ Counsel  believe  that  with  further  efforts  in  the  future,  the  case  can  be settled.   The  parties  will  be  prepared  to  discuss  settlement,  or  again discuss settlement, by _____.

-3-

Explain. _____

**IV.   CASE PROGRESSION:**

A.   Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? _____
Explain. _____

B.   Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

_____ have been completed.

_____ will be completed by _____.

C.   Motions to amend the pleadings or to add parties.

1)   The plaintiff

_____ does

_____ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by _____.

2)   The defendant

_____ does

_____ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by _____.

If more than ninety days are needed, state the reason(s) why such time is necessary.

_____

-4-

D.    Experts.

    1)    If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by _____.

    2)    Experts and, unless otherwise agreed, expert **reports** shall be served by _____. **Note**:  The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

    3)    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by _____.

E.    Discovery.

    1)    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by _____.

    2)    Depositions, whether or not they are intended to be used at trial, will be completed by _____.

    3)    Agreed Discovery Procedures:

        a.    Unique Circumstances.  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: _____.

        Counsel have agreed to the following actions to address that difficulty: _____.

        b.    Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

            (i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

-5-

(ii)     The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)    Whether reasonable measures have been implemented to preserve such data;

(v)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)    The form and method of notice of the duty to preserve;

(vii)   Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii)  Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x)     The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_____ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in  accordance with its usual practice.

-6-

\_\_\_\_\_ As to electronically stored information, the following provisions will be followed by the parties: _____.

c.      <u>Privileged and/or confidential communications and information</u>.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i)      Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii)     Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii)    As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

_____ No special provisions are needed regarding discovery of allegedly confidential information.  If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d.      The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is _____.

e.      The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _____.

f.      Depositions will be limited by Rule 30(d)(1), except the depositions of _____, which by agreement shall be limited as follows: _____.

g.      The parties stipulate that they will be required to give at least _____ days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance.  See NECivR 45.1

h.      Other special discovery provisions agreed to by the parties include: _____.

F.      The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): _____.
Motions to dismiss and/or for summary judgment will be filed by _____.

G.      Other matters to which the parties stipulate and/or which the court should know or consider: _____.

H.      Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be

-8-

taken to the United States Court of Appeals.  If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

_____ All parties do not consent at this time.

I.    Trial date.

    1)    Jury Trial:

        a.    _____ No party has timely demanded a jury trial.

        b.    _____ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

        c.    _____ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case.  A motion to strike the (plaintiff's/defendant's) demand for jury trial will be filed no later than _____.

        d.    _____ Having previously demanded a jury trial, the plaintiff now waives jury trial.  The defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        e.    _____ Having previously demanded a jury trial, the defendant now waives jury trial.  The plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    2)    This case will be ready for trial before the court by:  (month, year) .  If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation. _____

-9-

3)      The estimated length of trial is _____ days.


Dated: _____


_____          _____
Counsel for Plaintiff(s)                 Counsel for Defendant(s)



CERTIFICATE OF SERVICE

        I hereby certify that on _____, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system, which will send notification of such filing to the following:
_____, and I hereby certify that I have mailed by
United States Postal Service the document to the following non CM/ECF participants:
_____.


                                  s/_____



(Rev. 6/9/11)                     -10-